IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**HIRRIAM EMMETT MARTIN, III**                                                                **PLAINTIFF**

v.                                                                           **CIVIL CASE NO. 1:22-CV-072-RP**

**KILOLO KIJAKAZI,**
**Commissioner of Social Security**                                                **DEFENDANT**

## JUDGMENT

Plaintiff Hirriam Emmett Martin, III filed under 42 U.S.C. § 405(g) for judicial review of the unfavorable decision of the Commissioner of Social Security regarding an application for disability insurance benefits and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provision of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 15. The undersigned held a hearing on January 25, 2023. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, the undersigned finds the Commissioner's decision is supported by substantial evidence and should be affirmed.

## Standard of Review

In determining disability, the Commissioner, through the Administrative Law Judge ("ALJ"), works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove he is not currently engaged in substantial

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).
[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

gainful activity.[3] Second, plaintiff must prove his impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds

---

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).
[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).
[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).
[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).
[7] 20 C.F.R §§ 404.1520(g), 416.920(g) (2010).
[8] *Muse*, 925 F.2d at 789.
[9] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

## Commissioner's Decision

At step one of the sequential analysis, the ALJ found that the plaintiff has not engaged in substantial gainful activity since the alleged onset date. At step two, he found that the plaintiff has the severe impairments of diabetes mellitus/type 2 and obesity. At step three, he found that none of these impairments or combination of these impairments meets or medically equals a listed impairment. The ALJ then found the plaintiff has the residual functioning capacity ("RFC") to perform the full range of medium work. At step four, the ALJ found that the plaintiff is unable to perform past relevant work. Finally, at step five, the ALJ found the plaintiff not disabled under the Medical-Vocational Rules.

## Discussion

The plaintiff makes several arguments of error on appeal. First, he argues the ALJ

---

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

erroneously closed the record after being informed by plaintiff's counsel at the administrative hearing that additional medical records were expected. However, the plaintiff did not notify the ALJ of the additional records at least five days before the date of the hearing as required by 20 C.F.R. § 404.935(a), nor has the plaintiff shown that any exception to the five-day rule applies in this instance. Furthermore, the plaintiff never provided the ALJ, the Appeals Council, or this court with the subject records, so no prejudice can be established. This argument is without merit.

Next, the plaintiff argues that the ALJ committed error at step two of the sequential analysis by finding several of the plaintiff's impairments to be non-severe, specifically the impairments of osteoarthritis of the right shoulder, congestive heart failure, migraines, and degenerative disc disease of the lumbar spine. Under *Stone v. Heckler,* an impairment can be considered as not severe "only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." 752 F.2d 1099, 1101 (5th Cir. 1985). The court finds no reversible error in the ALJ's step two findings as to these impairments.

As to the plaintiff's congestive heart failure, migraines, and degenerative disc disease, the ALJ's findings of non-severity are supported by substantial evidence. The ALJ provided a thorough discussion of his reasons for finding the plaintiff's congestive heart failure and degenerative disc disease to be non-severe, with citations to supporting medical records. As to the plaintiff's migraines, the plaintiff points to no evidence in the medical records of the "medical signs" that are viewed as objective evidence of the severity of a claimant's migraines, such as:

> whether the claimant's migraines are accompanied by drowsiness, dizziness, nausea, vomiting and blurred vision, whether the claimant has been prescribed medication for migraines and the associated symptoms of nausea and vomiting, whether the plaintiff is sensitive to light (photophobic) or sound, whether the claimant has received continuing and regular treatment for migraines – including

>outpatient and emergency treatment – and whether the claimant's symptoms are consistent with those of migraine headaches.

*Wiltz v. Barnhardt,* 484 F.Supp.2d 524, 532 (W.D. La. 2006). The ALJ committed no error in finding the plaintiff's migraines to be non-severe.

As to the plaintiff's right shoulder impairment, on the other hand, the ALJ himself found that due to this impairment, the plaintiff can perform medium work and not heavy work as he previously performed and as his physical therapist indicated he could still perform. Clearly, if the plaintiff's right shoulder impairment results in a lower exertional capacity as the ALJ found, then the impairment meets the *Stone* standard of severity and the ALJ's step two finding of non-severity is erroneous. However, "such a conclusion does not require an automatic reversal – if the ALJ proceeds past step two, we consider whether the error was harmless." *Keel v. Saul,* 986 F.3d 551, 556 (2021). "Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err." *Keel,* 986 F.3d at 556.

As mentioned above, although the ALJ found the plaintiff's right shoulder impairment to be non-severe, the ALJ proceeded past step two and limited the plaintiff to medium work due to this impairment, an exertional capacity that is well-supported by the record. At the plaintiff's most recent visit with his treating orthopedic physician reflected in the record, the plaintiff reported that he "really feels like he is almost back to normal," and a right shoulder examination showed: "Motions fine. 170/150. 5 out of 5 strength with minimal if any pain. Minimal tenderness over the AC joint and the anterior shoulder." It is inconceivable that the ALJ would have assessed greater functional limitations due to the right shoulder impairment if he had found it to be severe at step two, and therefore the error is harmless.

Next, the plaintiff argues the ALJ improperly evaluated the medical opinions of the plaintiff's physical therapist Candace Smith and the plaintiff's treating physician Charles Hosemann, as well as

the administrative medical findings of the state agency consultants. As to Ms. Smith's functional capacity evaluation finding the plaintiff is capable of performing heavy work and can return to his previous work, the plaintiff argues the ALJ erroneously found this opinion partially persuasive while at the same time finding that the plaintiff is capable of performing only medium work and cannot return to his past relevant work. The court sees no contradiction or prejudice here. The ALJ found the plaintiff to be more limited in his exertional capacity than did Ms. Smith, which is entirely consistent with the ALJ finding Ms. Smith's FCE only partially persuasive. There is no error here.

As to Dr. Hosemann's work status reports limiting the plaintiff to light work on several occasions in 2017, the ALJ found these opinions persuasive but concluded that more recent evidence shows the plaintiff is not as limited as these reports indicate. The plaintiff disputes this conclusion, citing medical records reflecting that he continued to experience significant pain due to his right shoulder impairment. However, there is substantial evidence indicating the plaintiff's right shoulder impairment has shown significant improvement since 2017. Ms. Smith's FCE in January 2019 concluded the plaintiff can perform heavy work. Dr. Hosemann's treatment notes reflect that in June 2019, the plaintiff reported that he "really feels like he is almost back to normal," and a right shoulder examination showed: "Motions fine. 170/150. 5 out of 5 strength with minimal if any pain. Minimal tenderness over the AC joint and the anterior shoulder." The ALJ's finding that the plaintiff is now less limited than Dr. Hosemann believed him to be in 2017 is supported by substantial evidence.

Finally, as to the state agency consultants' findings that the plaintiff is capable of medium work, the plaintiff argues the ALJ erroneously found those findings persuasive because the consultants did not have the opportunity to review certain medical records submitted after the consultants made their findings, which records the plaintiff contends show greater limitations. However, a state agency consultant's lack of opportunity to review all treatment records does not prevent an ALJ from relying

on the consultant's assessment if the ALJ conducts an independent review of all the evidence, including the records the consultant did not consider. *Carter v. Astrue,* 886 F.Supp.2d 1093, 1111-12 (N.D. Iowa 2012); *Triplett v. Commissioner of Social Security,* No. 1:20-CV-243-RP, 2021 WL 5016028, at *3 (N.D. Miss. Oct. 27, 2021); *Boothe v. Colvin,* No. 3:12-CV-5127-D, 2013 WL 3809689, at *4 (N.D. Tex. July 23, 2013). The plaintiff does not contend that the ALJ failed to review the medical records he cites, and his argument that those records support greater limitations than those assessed by the ALJ amounts to a request that this court reweigh the evidence in his favor, which the court may not do. This argument fails.

For these reasons and those announced on the record at the conclusion of oral argument, the court finds the Commissioner's decision is supported by substantial evidence, and it is AFFIRMED.

This, the 27th day of January, 2023.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE